Richard M. Garbarini
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor,
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YESH MUSIC, LLC,                                   Case No.: 18-cv-3380

                    Plaintiff,           **ECF CASE**

            v.                                       **FIRST AMENDED COMPLAINT AND**
                                                          **JURY DEMAND FOR DAMAGES FOR**
MAGISTO USA, INC.,                                **COPYRIGHT INFRINGEMENT**

                    Defendant.
------------------------------------------------------------x

Plaintiff YESH MUSIC, LLC, by and through the undersigned counsel, brings this First Amended Complaint and Jury Demand against defendant MAGISTO USA, INC. for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 ("DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## NATURE OF THE ACTION

1.    Defendant illegally reproduced, distributed, offered for license, and licensed plaintiff's one hundred and sixteen (116) copyrighted recordings covered by one hundred and sixteen U.S. Copyright Registrations (the "Copyrighted Recordings"), without license or permission from plaintiff.

2. Defendant included plaintiff's Copyrighted Recordings in its video editing product, where any user could synchronize plaintiff's Copyrighted Recordings.

3. One of defendant's clients, MVOSS, created and distributed one advertisement which synchronized plaintiff's copyrighted musical composition *Rudiments of a Spiritual Life*, U.S. Registration No. SR 708-503, without a synchronization, sound, recording, or publishing license.

4. When questioned, defendant claimed it did not license plaintiff's copyrighted recording to MVOSS and admitted it had no license for its client's use. Defendant later admitted that it did license plaintiff's copyrighted recording, but somehow claimed it received a blanket license from music licensor Music Dealers, LLC and ACUM. At no time, however, was Music Dealers authorized to include plaintiff's recordings in a blanket license, and defendant has failed to produce the purported illegal license. At no time was ACUM authorized to grant any license.

5. Defendant has not provided either a Music Dealers or ACUM license, likely because none exist.

6. Defendant's infringement satisfies the standards for enhanced damages under Section 504(c) of the Act, and plaintiff has been injured as a result of defendant's actions.

7. Defendant's abstraction from the Copyrighted Recordings, and removal of all identifying information is a violation of the DMCA.

## JURISDICTION

8. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

9. This Court has *in personam* jurisdiction over defendant due to the fact that it maintains an office at 261 Madison Ave., New York, NY.

10. This Court additionally has *in personam* jurisdiction over the defendant because the defendant has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction. Defendant is a national company. Defendant reproduced, distributed, and offered for license plaintiff's Copyrighted Recordings on the Internet so they could be used or viewed within this Judicial District in the ordinary course of trade. Defendant has additionally conducted business targeted in New York in the ordinary course of trade.

11. Upon information and belief, defendant generates a significant amount of income from New York state and this Judicial District.

### This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)

12. In the event this Court finds defendant to be a nondomiciliary of this State, CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

13. Defendant reproduced, distributed, offered for license, and licensed plaintiff's Copyrighted recordings in this Judicial District. This is an intentional tort (copyright infringement) committed without the state.

14. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District.

15. As described above, defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

## VENUE

16. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

17. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

18. Plaintiff's Copyrighted Recordings were registered prior to the alleged infringement and satisfy the registration prerequisite under 17 U.S.C. 412(c). Annexed as **Exhibit 1** are the U.S Copyright Registrations and assignments filed with the U.S. Copyright Office.

## PARTIES

19. At all times material hereto, plaintiff YESH MUSIC, LLC ("YESH") was, and is, a company organized under the laws of New York state with a principal place of business located at 75-10 197th Street, Flushing, New York. YESH is the sole beneficial rights holder to the Copyrighted Compositions.

20. Upon information and belief, defendant MAGISTO USA, INC. ("MAGISTO") was, and is, a company with a principal place of business located at 261 Madison Ave., New York, NY.

## FACTS

21. Plaintiff YESH is the assignee and sole beneficial owner of all rights associated with one hundred and sixteen (116) copyrighted recordings of the musical group The American

Dollar which are covered by one hundred and sixteen (116) U.S. Copyright Registrations. See **Exhibit 1**.

22. MAGISTO claims on its website that it "transforms the video and photos you shoot into polished short movies with emotion and excitement at the core of every story."

23. It maintains an extensive music library which enables the user to synchronize music to the videos which the user creates.

24. MAGISTO illegally included plaintiff's Copyrighted Recordings in its library allowing any user to synchronize plaintiff's Copyrighted Recordings. Plaintiff received no compensation from defendant.

25. By including plaintiff's Copyrighted Compositions in its library, MAGISTO reproduced, distributed, offered for license, and licensed plaintiff's Copyrighted Recordings without license or permission.

26. On or about December 15, 2017, plaintiff discovered one of its copyrighted recordings was illegally synchronized to a video advertisement for defendant's client MVOSS which was uploaded to YouTube.

27. Plaintiff never entered into a contract with MAGISTO or MVOSS.

28. When questioned, defendant claimed it did not license plaintiff's copyrighted recording to MVOSS. See **Exhibit 2.**

29. Defendant later admitted to licensing plaintiff's recording to MVOSS, but claimed it had a license to reproduce, distribute, and license plaintiff's Copyrighted Recordings pursuant to a purported blanket license from music licensor Music Dealers, LLC and ACUM.

30. Defendant has failed, at all times, to produce the purported blanket licenses.

31. Plaintiff, however, did not have a license with Music Dealers, LLC which would have authorized any blanket licenses.

32. Instead, plaintiff entered into a non-exclusive "rights managed" contract with Music Dealers. In fact, the Music Dealers contract expressly prohibited non-rights managed license (like a blanket license).

33. Plaintiff did not have an agreement of any kind with ACUM.

34. Regardless, a claim for copyright infringement may be brought, despite the existence of a license agreement, when a licensee's infringing conduct exceeds the scope of a license, or when the licensee violates a condition precedent (contrasted with a covenant) of the license.

35. The presence or absence of defendant's good faith is a question for the jury. Good faith entails not only honesty in fact, but reasonableness as well. Defendant's acts here were intentional, or with reckless disregard, to plaintiff's rights entitling plaintiff to statutory damages under Section 504(c) of the Act.

36. Defendant also failed to include information which identified the Copyrighted Recordings, the author of the Copyrighted Recordings, the owner of any right in the Copyrighted Recordings, or information about the terms and conditions of use of the Copyrighted Recordings.

37. This violates the Digital Millennium Copyright Act.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

38. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

39. It cannot be disputed that the plaintiff has valid, registered copyright, and owns all rights to the Copyrighted Recordings.

40. Defendant, without authority from plaintiff, reproduced, synchronized, publicly displayed, and/or publicly distributed plaintiff's Copyrighted Recordings through its on-line video editing product.

41. Defendant has intentionally infringed, or acted with reckless disregard, (pursuant to Section 504(c) of the Act) plaintiff's exclusive rights set forth in Section 106 of the Act, and elsewhere.

42. Defendant's use of the Copyrighted Recordings was not for criticism, comment, news reporting, teaching, scholarship, or research.

43. Defendant's use was not transformative.

44. Defendant elected to reproduce, synchronize, and distribute plaintiff's Copyrighted Recordings, without a license from plaintiff.

45. Defendant has intentionality infringed, or recklessly disregarded, plaintiff's rights under Section 106 of the Act.

46. Defendant failed to include information which identified the Copyrighted Recordings, the author of the Copyrighted Recordings, the owner of any right in the Copyrighted Recordings, or information about the terms and conditions of use of the Copyrighted Recordings. This is a clear sign of intent.

47. As a direct and proximate result of defendant's infringements, plaintiff has incurred damages like license fees, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA**

48.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

49.     Section 1202 of the DMCA provides, in part: "(a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.  17 U.S.C. § 1202(a)-(b)."

50.     Copyright management information is defined as: "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988),

51.     Defendant failed to include information which identified the Copyrighted Recordings, the author of the Copyrighted Recordings, the owner of any right in the Copyrighted Recordings, or information about the terms and conditions of use of the Copyrighted Recordings.

52.     The defendant violated the DMCA each time it wrongfully offered the Copyrighted Recordings.

53.     Defendant also violated section 1202 by, upon information and belief, abstracting the Copyrighted Recordings, removing and/or altering their anti-circumvention software.

54. Defendant did the forgoing with the intent to conceal the infringement.

55. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000, per violation plus its reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. pre- and post-judgment interest to the extent allowable;

6. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 12, 2018  **GARBARINI FITZGERALD P.C.**
New York, N.Y.

By: *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)