

August 24, 2018

**Jura C. Zibas**
212.915.5756 (direct)
Jura.Zibas@wilsonelser.com

**Via ECF**
The Honorable Ann Donnelly
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:    Yesh Music, LLC v. Magisto USA Inc.**
> **18-cv-3380**

Dear Judge Donnelly:

Our office represents defendant Magisto USA Inc. ("Magisto") in the above referenced matter. We write pursuant to Your Honor's Individual Practices and Rules, Rule 4.A,i. to request a pre-motion conference to address Magisto's proposed motion to dismiss the Complaint. Specifically, Magisto maintains that this Court lacks personal jurisdiction over the defendant and therefore the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). In addition, should the Court reach the merits, Magisto believes its license defense can be resolved on the pleadings.

"[T]he plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Kernan v. Kurz- Hastings, Inc.*, 175 F.3d 236, 240 (2d. Cir. 1999) (internal citations omitted). Aside from the bald and inaccurate allegation that Magisto maintains an office in New York, Plaintiff's Complaint alleges no facts whatsoever connecting Magisto to New York State sufficient to establish general jurisdiction. Plaintiff's Complaint also contains boilerplate language regarding long arm jurisdiction, but these statements misstate the law regarding the exercise of specific jurisdiction. Accordingly, Plaintiff's threadbare, boilerplate allegations against Magisto are insufficient to establish personal jurisdiction.

In point of fact, Magisto is a resident of California, where its lone United States office is located. To determine whether personal jurisdiction exists over an out-of-state defendant, a district court engages in a two-part analysis. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 243-44 (2d Cir. 2007). First, a court looks to whether personal jurisdiction over the defendant exists under New York state law. *Id*. at 244; *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F.Supp.2d 367, 386 (S.D.N.Y. 2006). If a court finds personal jurisdiction exists under the laws of the state, it must next determine whether or not the assertion of jurisdiction in the particular

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

**wilsonelser.com**

9249481v.1

circumstances of the case will violate constitutional requirements of due process. *Id.* The court should find that principles of due process are satisfied only if jurisdiction is asserted over a non-resident that has "certain minimum contacts with the forum such that the maintenance of a suit would not offend traditional notions of fair play and substantial justice." *International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945).

Here, the Complaint is entirely devoid of allegations that would allow the Court to find that either New York State law or Due Process considerations allow the Court to exercise jurisdiction over Magisto. There are two types of jurisdiction that a court may exercise over a defendant: general and specific. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 411 (1984). These two types of jurisdiction are reflected under New York's jurisdiction statutes. *See* N.Y. C.L.P.R. §§ 301-302; *see also Beatie and Osborn LLP*, 431 F.Supp.2d at 386. Neither form of jurisdiction applies to Magisto.

N.Y. C.P.L.R. § 301 is New York's general jurisdiction statute, and provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." N.Y. C.P.L.R. § 301. A non-resident defendant may be subject to personal jurisdiction under § 301 only if it is "doing business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Loberiza v. Calluna Maritime Corp.*, 781 F.Supp. 1028, 1030 (S.D.N.Y. 1992). New York courts emphasize that the § 301 "doing business" test is a stringent one. *Jacobs v. Felix Block Erben Verlag Fur Buhne Film Und Funk KG*, 160 F.Supp.2d 722, 731 (S.D.N.Y. 2001). The courts focus on factors such as (1) the existence of an office in the state; (2) the solicitation of business in the state; (3) the presence of bank accounts and other property in the state; (4) the authority to do business in New York as a foreign corporation, and (5) the presence of employees in the state. *Hoffritz for Cutlery Inc. v. Amaja, Ltd.*, 763 F.2d 55, 64 (2d. Cir. 1985).

Applying these factors, there can be no "general" jurisdiction over Magisto in New York. Magisto does not own property in New York. Magisto does not maintain a bank account in New York. Magisto does not have an office in New York. Magisto does not employ individuals in the state of New York. Magisto does not have an agent for service of process in New York. Magisto does not have a New York telephone number. Based on the foregoing, it is abundantly clear that Magisto cannot be considered to have any continuous, substantial, or permanent business activity within New York significant enough to provide general jurisdiction pursuant to N.Y. C.P.L.R. § 301.

Magisto is also not subject to "long arm jurisdiction" in New York. Plaintiff presumably bases its claim of jurisdiction against Magisto on either the "transacts business" prong or the "tortious conduct without the state" prong of N.Y. C.P.L.R. § 302(a). However, the Complaint alleges no facts sufficient to satisfy either.

Jurisdiction is only proper under § 302(a)(1)'s "transacts business" prong when: (1) the defendant has transacted business in New York; and (2) the cause of action arises out of the subject matter of the transacted business. *Beatie and Osborne LLP.*, F.Supp.2d at 387. "While physical presence is not a prerequisite to constitute transaction of business under CPLR 302, with few exceptions the Court of Appeals has not upheld jurisdiction in its absence." *Aero-Bocker Knitting Mills, Inc. v. Allied Fabrics Corp.*, 387 N.Y.S.2d 635, 648-49 (1st Dept. 1976);



- 3 -

*see also Lawrence Wisser and Co., Inc. v. Slender You, Inc.*, 695 F. Supp. 1560, 1562 (S.D.N.Y. 1988)("New York courts have consistently refused to sustain § 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York.").

As discussed above, Magisto does not have any physical presence within the State of New York. As a result, Plaintiff attempts to establish jurisdiction solely on the basis of Magisto's operation of a website that is viewable by New York citizens. This effort is misplaced. It is a well-established principle that a passive website cannot suffice as a basis for personal jurisdiction. *See Eternal Asia Supply Chain Mgmt. (USA) Corp. v. Yian Chen*, 2013 U.S. Dist. LEXIS 59538, at \*26-28 (S.D.N.Y. Apr. 25, 2013) (collecting cases).

Finally, Magisto may only be subject to jurisdiction in New York for an alleged tortious act committed outside the state if it (i) regularly does business or engages in any other persistent course of conduct in the state; or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce. *See* N.Y. C.P.L.R. § 302(a)(3). For the reasons already stated, neither of these sub-prongs apply to Magisto which conducts its regular business in California and does not derive substantial revenue from interstate or international commerce.

Moreover, should the Court decide that the exercise of personal jurisdiction is appropriate here, the matter should still be dismissed because Magisto's use of the work at issue was fully licensed. Plaintiff's complaint references Magisto's license (DE 8 at ¶ 4), and Magisto may therefore rely upon the license in a motion under Fed. R. Civ. P. 12(b)(6) because the document is incorporated by reference into the complaint. *See e.g. Bill Diodato Photography LLC v. Avon Prods.*, 2012 U.S. Dist. LEXIS 135688, \*9 (S.D.N.Y. Sept. 21, 2012).

"[I]t is well established that use of a copyrighted work within the scope of a valid license is non-infringing as a matter of law, and a valid license, either exclusive or non-exclusive, immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor." *Spinelli v. NFL*, 96 F. Supp. 3d 81, 128 (S.D.N.Y. 2015)(internal citations and quotations omitted). Here, the Court can interpret and apply the straightforward language of Magisto's license and resolve all claims on the pleadings without the need for discovery.

Accordingly, Magisto requests a pre-motion conference to address its proposed motion to dismiss so that it may seek leave to file and, if leave is granted, so that a briefing schedule may be set.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

Jura C. Zibas

cc:    **All Parties (Via ECF)**

9249481v.1