**GF**

## GARBARINI FITZGERALD P.C.

250 Park Avenue
7th Floor
New York, New York 10177
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

August 26, 2018

Honorable Ann M. Donnelly
Federal Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    ***Plaintiff's Response to Defendant's August 24, 2018 Request for a Pre-Motion Conference***
***Yesh Music, LLC v. Magisto USA, Inc., 18-cv-3380 (AMD)***

Your Honor:

I write in response to defendant's letter dated August 24, 2018 seeking a pre-motion conference (Dkt. No. 14) (the "Aug Letter"), and this Court's Order of the same date.  As an initial matter, I must first address the issue of the purported license Defense now seeks to rely upon.  The First Amended Complaint does not allege defendant had a license, only that defendant claimed it had a blanket license, to wit:

> When questioned, defendant claimed it did not license plaintiff's copyrighted recording to MVOSS and admitted it had no license for its client's use.  Defendant later admitted that it did license plaintiff's copyrighted recording, but somehow **claimed** it received a blanket license from music licensor Music Dealers, LLC.  At no time, however, was Music Dealers authorized to include plaintiff's recordings in a blanket license, and defendant has failed to produce the purported illegal license.

FAC at ¶ 4 (emphasis added)(see Complaint ¶¶ 4,27,29. (Dkt. No. 1).

Even on this proposed motion, defendant has not annexed the purported illegal license.  Defendant's claim that the purported illegal license is somehow incorporated into Complaint is beyond caval.  Again, plaintiff only represented the fact that defendant claimed it had an illegal license, but has refused to produce the purported illegal license.

Defendant also claims there is one copyright registration at issue. (Def. Aug. Letter pg. 3) This is another false representation of the facts.  Defendant copied, and distributed plaintiff's tracks covered by one hundred and sixteen (116) U.S. Copyright Registrations. FAC at ¶¶ 1,2,20,23,24. Plaintiff discovered one (1) track that was copied and distributed by an additional party. FAC at ¶¶ 4,28. Without question, there are one hundred and sixteen (116) U.S. Copyright Registrations at issue here.

CERTA BONUM CERTAMEN ◆ FIGHT THE GOOD FIGHT

GARBARINI FITZGERALD P.C.
Page 2

Defendant's jurisdictional argument is equally loose with the facts and the law.  Plaintiff requests this Court allow it to amend the First Amended Complaint pursuant to Rule 15, to include the following, and other, facts:

(1) As of August 25, 2018, defendant claims on its own website that it is located at "261 Madison Ave., 9th fl., New York, NY 10016." See **Exhibit 1**.

(2) As of August 25, 2018, defendant f/k/a SightEra Technologies LTD, admitted on its website that it held a Mother's Day promotion. See **Exhibit 2**.  Not only is the address for defendant listed as 261 Madison Ave., 9th Fl., New York, NY 10016, but the choice of law states:

> All issues and questions concerning the construction, validity, interpretation and enforceability of these Official Rules or the rights and obligations of the entrant and the Sponsors in connection with the Promotion, **shall be governed by, and construed in accordance with, the laws of the State of New York without giving effect to any choice of law or conflict of law rules (whether of the State of New York or any other jurisdiction), which would cause the application of the laws of any jurisdiction other than the State of New York**.

(3) In the current "New York Posts" section of defendant's website, it states: "We have offices in Singapore, Tel Aviv, New York City." See **Exhibit 3**.

(4) Defendant issued a press release announcing "Magisto's New York office will helm the marketing operations for the company, and eventually bring on staff in product marketing, research, customer care, design, UX and other marketing-related roles." See **Exhibit 4**.

(5) Defendant states on its Pinterest Page that its primary office is New York, NY, See **Exhibit 5**.

(6) Defendant advertisers its video editor with a short called "New York 1901". See https://www.magisto.com/album/video/Kjt6B1JVElV6KnAPYnZLBng?l=vswi&o=a&c=e&et=1&t=MThjKBAAfBgyJ1lyKBBCQwknWSgoEngcMTdzMhMEDxgxUgVvQHcDQWRSAnFFaghFa1EGd0FxDF9nV1lvRXIDRTBTVncSJQoUYwMBcUh-WUE.

(7) Defendant released a press release from New York City claiming "The company is funded by Horizons Ventures and Magma Venture Partner and maintains its headquarters in Tel Aviv, Israel with offices in New York and California." See **Exhibit 6**.

(8) Defendant derives most of its revenue from the 60,000 business clients it has throughout the United States. **Exhibit 7**.

(9) There are also scores of New York clients of defendant that used Magisto's service from New York to make their videos. **Exhibit 8**.

It is very odd that defendant failed to mention the above in its pre-motion letter. Defendant cannot avoid the fact that it has admitted to a substantial presence in New York, and derives significant revenue from New York.

## JURISDICTIONAL DISCOVERY

Plaintiff also requests jurisdictional discovery. Plaintiff contends the First Amended Complaint, as amplified here, has established a prima facie case for jurisdiction. The facts establish jurisdiction under CPLR 301. They also establish jurisdiction under CPLR 302(2) because defendant "transacts business within the state or contracts anywhere to supply goods or services in the state." Defendant is equally subject to jurisdiction under CPLR 302(3) because it committed a tortious act without the state (copyright infringement) causing injury to person or property within the state. Defendant also (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state." This is established by **Exhibit 7** showing the scores of New York Magisto clients.

Finally, defendant "(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate of international commerce." CPLR 302(3)(ii). This is established by the scores of Magisto New York clients and Magisto's admission it derives substantial revenue from interstate of international commerce.

Regardless, "[t]he failure to make out a prima facie showing of jurisdiction is not a bar to jurisdictional discovery." *Licci v. American Exp. Bank Ltd.*, 704 F. Supp. 2d 403, 408 (S.D.N.Y. 2010); *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 550 n.6 (2d Cir. 2007) (clarifying the ruling in *Jazini v. Nissan Motor Co.*, 148 F.3d 181 (2d Cir. 1998).

Plaintiff respectfully requests this Court not allow the proposed frivolous motion, and, instead, allow plaintiff to amend the complaint and conduct limited jurisdictional discovery.

GARBARINI FITZGERALD P.C.

By: _____

Richard M. Garbarini

Encl.